**Scott TRAN, Petitioner—Appellant,**

v.

**Anthony LAMARQUE, Warden, Respondent—Appellee.**

No. 04–55921.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2005.

Filed Feb. 24, 2006.

Kristin A. Erickson, Law Offices of Kelley & Erickson, Ginger Kelley, Law Offices of Ginger R. Kelley, Westminster, CA, for Petitioner–Appellant.

Attorney General, Meagan J. Beale, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: HUG, SILER,* and WARDLAW, Circuit Judges.

MEMORANDUM **

Petitioner Scott Tran appeals the district court's denial of his petition for habeas corpus relief, alleging ineffective assistance of counsel, from a state conviction on aiding and abetting second-degree murder. For the reasons set forth below, we decline to find that prejudice accrued when Tran's counsel did not: (1) object to or seek a limiting instruction regarding the admission of videotaped interrogations; (2) request a jury instruction on voluntary intoxication; (3) request exclusion of a gang expert's testimony; and (4) request the striking of an allegedly improper prosecutorial comment. Finally, we do not agree with Tran's contention that the cumulative effect of his counsel's errors prejudiced the defense. We affirm.

■ First, Tran argues that his trial counsel was ineffective for failing to object to or request a limiting instruction regarding two unedited police interrogation videotapes that contained hearsay, speculation, and personal opinions by the officers. To prevail under the standard set out in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Tran must show deficient performance by his counsel, and that this deficient performance prejudiced the defense. We disagree with the state court's conclusion that counsel's failure to object to the officers' prejudicial statements was rooted in a "rational tactical purpose"—namely, to expose the pressure tactics the officers used on Tran in hopes that the jury would discount the incriminating statements Tran made during the interrogation. Defense counsel could have made this point—and, indeed, did make this point—without relying on any of the officers' personal opinions and speculation that were included in the interrogations. Thus, the purported tactical reason relied upon by the state court has no basis in the record. Nonetheless, because of overwhelming evidence presented against Tran, counsel's failure to object did not cause prejudice. Accordingly, the state court's decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

As to Tran's second claim about the videotapes, as the magistrate judge concluded, Tran's counsel's failure to seek a limiting instruction is inexplicable and therefore deficient. Counsel's performance was not, however, prejudicial. As the California Court of Appeal and the U.S. District Court concluded, there is not a reasonable probability that the verdict would have been different if a limiting instruction had been given, because of overwhelming evidence of Tran's guilt. Tran admitted to police that he had hit Dobson. Thongprachanh stated that Tran admitted to punching and kicking Dobson. Phonemala also testified that Tran was punching and kicking Dobson. Under our deferential standard of review of the state court, Tran has not demonstrated that the state court reasoning "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Second, Tran contends that his trial counsel was ineffective for failing to re-

* The Honorable Eugene E. Siler, Jr., Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

quest a jury instruction regarding voluntary intoxication. The Court of Appeal held that the failure to request such an instruction was ineffective assistance, but found no resulting prejudice under *Strickland*. This finding is not contrary to or an unreasonable application of *Strickland*. Tran's admissions indicated the requisite intent for aider and abettor liability. He admitted that he knowingly participated in the assault on Dobson, including an unchallenged statement that he was going to strike Dobson but could not reach him. Nor would an instruction on voluntary intoxication have affected the jury's finding that the killing was a reasonably foreseeable consequence of participation in the assault. Because the determination of whether another crime is a natural and probable consequence of the intended crime is based on objective foreseeability, not on the defendant's subjective beliefs, voluntary intoxication does not have any bearing on the natural and probable consequences doctrine. *See People v. Mendoza*, 18 Cal.4th 1114, 1133, 77 Cal.Rptr.2d 428, 959 P.2d 735 (1998).

■ Third, Tran contends he was denied effective assistance of counsel because his trial counsel did not properly object to the gang expert's testimony (1) that gang members know that murder is a probable consequence of a gang fight; (2) that gang members have a choice whether or not to participate in gang fights; (3) suggesting that gang members are not law-abiding citizens; (4) interpreting the term "banging on the set"; (5) that Tran "should have stayed at the barbecue" but instead chose to go to the fight; and (6) that gang members know there is always a chance that "somebody could get killed," and that

Tran and his fellow gang members had a gun in their possession.[1]

■ The decision of the state court denying habeas on this ground was not "contrary to" or "an unreasonable application" of *Strickland*. 28 U.S.C. § 2254(d)(1). Because the first four comments, as well as the first part of the sixth, fall within the proper scope of expert testimony and did not merit objection, *see People v. Olguin*, 31 Cal.App.4th 1355, 1367, 1370–71, 37 Cal. Rptr.2d 596 (Cal.Ct.App.1994), counsel's failure to object was not deficient performance. Although the expert's opinion that Tran should have stayed at the barbecue was improper, as the district court held, given the overwhelming evidence against Tran, there is not a "reasonable probability" of prejudice. As to counsel's failure to strike the expert's testimony about the gun, we agree with the Court of Appeal that the expert exceeded his role regarding the typical reaction of gang members, but it was not prejudicial, as Phomthavong testified that he brought a gun to the scene of the killing, and the expert testified that Thongprachanh had a gun in his car the day after the killing.

■ Fourth, Tran claims that he was denied effective assistance of counsel because his counsel failed to lodge a prosecutorial misconduct objection. The Court of Appeal held that the prosecutor's characterization of Tran as a liar, a manipulator, and a violent hard-core gang member who knew how to get around the system was "an acceptable commentary on the facts in the record." The court also found that more strongly-worded characterizations had been upheld. Therefore, since there was no misconduct, the Court of Appeal found that Tran failed to show that his

---

**1.** The trial judge sustained counsel's objection to the comment about the gun. Tran claims, however, that counsel was deficient for failing to move to strike the comment from the record.

counsel was ineffective by not objecting. This finding is not contrary to or an unreasonable application of *Strickland.* The prosecutor's comments that Tran was a liar and a violent gang member were supported by evidence presented at trial. Tran had given several conflicting accounts of his involvement in the incident, and the jury heard evidence about Tran's participation in the assault and his membership in a gang. Because the prosecutor was reiterating characterizations that had already been made, there was no misconduct, and failure to object was not deficient performance.

Finally, Tran argues that he was prejudiced by the cumulative effect of the errors of his trial counsel. Individual harmless errors may cumulatively be so prejudicial as to require reversal. *Killian v. Poole,* 282 F.3d 1204, 1211 (9th Cir.2002). In the instant case, however, because of the strength of the evidence against Tran any cumulated errors did not create a reasonable probability that, but for the cumulative effect of the errors, the result would have been different. *See Jackson v. Calderon,* 211 F.3d 1148, 1161 (9th Cir.2000).

#### CONCLUSION

Under the standards of 28 U.S.C. § 2254(d)(1), the California Court of Appeal's decision was neither contrary to, nor involved an unreasonable application of, clearly established Supreme Court precedent.

The district court is AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.